**Miguel PEREZ, Plaintiff–Appellee,
Cross–Appellant,**

v.

**Z FRANK OLDSMOBILE, INC.,
Defendant–Appellant,
Cross–Appellee.**

No. 01–2507, 01–2635, 01–3710.

United States Court of Appeals,
Seventh Circuit.

Submitted Jan. 15, 2002 *.

Decided Jan. 23, 2002.

Before Hon. BAUER, Hon.
EASTERBROOK, Hon. MANION, Circuit
Judges.

### Order

Eighteen months ago we vacated the judgment in this case, held that damages for an odometer rollback could not exceed $34,500, and remanded for further proceedings limited to matters other than the odometer. *Perez v. Z Frank Oldsmobile, Inc.*, 223 F.3d 617 (7th Cir.2000). On remand a new trial was held, the jury found in plaintiff's favor, and a judgment of $77,000 was entered, to which the judge added about $83,000 in attorneys' fees. The total in plaintiff's favor thus comes to $194,500 on account of a used car that Z Frank sold for $8,000. Most of the arguments presented on the parties' cross-appeals have a familiar ring. They have been made before, and we have resolved them before.

Z Frank contends that the proceedings on remand were pointless and that the judgment cannot exceed the $34,500 that we held to be the maximum award for odometer tampering. But the purpose of the remand was to determine whether Z Frank committed actionable fraud *other than* odometer tampering, and we held explicitly that, if it had done so, an additional award could be made. Z Frank does not contend that the evidence at the second trial was insufficient to support a verdict and punitive damages; it argues only that the law of the case precludes *any* supplemental award, and that position is untenable.

For his part, Perez argues principally that we should not have reversed the original judgment. It is too late to make such an argument, even if dressed in jurisdictional clothes. Perez insists that we lacked jurisdiction to disturb particular portions of the earlier judgment, but that argument was presented before and summarily rejected. It is not open to reconsideration on a later appeal. What is more, a notice of appeal from the final judgment brings up the entire case. There is no reason to reinstate the first judgment. Perez's further challenges to evidentiary rulings at the second trial likewise are incompatible with the terms of our remand. We instructed the district judge to limit the second trial to claims of fraud other than odometer tampering. The judge rightly did so, rebuffing Perez's efforts to undermine our decision by turning the second trial into another contest to the odometer matters.

---

* This successive appeal has been submitted to the original panel. See Operating Procedure 6(b). We have concluded that oral argument is unnecessary, and the appeals are submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f).

As for attorneys' fees: An award approximating $83,000 for legal work that brought in about $35,000 is ample. It might be subject to challenge as too high, but Z Frank has not appealed on this issue. It cannot reasonably be deemed too low. Perez continues to fight a rear-guard action against our prior decision, arguing that he should receive fees comparable to what defense counsel billed. Yet the defense had to cover not only the odometer statutes but also the request for substantial punitive damages under common law—a topic on which, as we held before, each side must bear its own legal fees. It is not necessary for us to add more to the district judge's treatment of this subject.

AFFIRMED